FILED ENTERED
LODGED RECEIVED

JUN 18 2014

AT GREENBELT
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

HANDE M. AKSU,     *
   Plaintiff
                        *

v.                              CIVIL ACTION NO. GJH-14-1506
                        *

JUDGE KATHERINE SAVAGE,     *
   Defendant
                        ******

## MEMORANDUM

Plaintiff brings this self-represented action against Judge Katherine Savage of the Circuit Court for Montgomery County, Maryland. ECF No. 1. Plaintiff has shown to be indigent and her motion for leave to proceed in forma pauperis (ECF No. 2) shall be granted.

Although plaintiff notes an employment discrimination case, the gravamen of the complaint concerns an alleged civil rights violation with regard to state child custody proceedings. Plaintiff states that she was denied custody of her minor child and her visitation was restricted based on her multiple disabilities. She indicates an appeal of the custody decision remains pending. She seeks to "disqualify the other partys [sic] attorney;" requests back pay, reinstatement to her former position, monetary damages, and costs and attorneys fees; and seeks to "disqualify [Judge] Katherine Savage for this duty." ECF No. 1.

The defense of absolute immunity extends to "officials whose special functions or constitutional status requires complete protection from suit." *Harlow v. Fitzgerald*, 457 U.S. 800, 807 (1982). Judges, whether presiding at the state or federal level, are among those officials who are entitled to such immunity. *See Stump v. Sparkman*, 435 U.S. 349 (1978). It is clearly in the public interest that "judges … be at liberty to exercise their functions with independence and without

1

fear of consequences," *Pierson v. Ray*, 386 U.S. 547, 554 (1967), and absolute immunity is necessary so that judges can perform their functions without harassment or intimidation. "Although unfairness and injustice to a litigant may result on occasion, 'it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.'" *Mireles v. Waco*, 502 U.S. 9, 10 (1991), quoting *Bradley v. Fisher*, 13 Wall. 335, 20 L.Ed. 646 (1872). The doctrine of judicial immunity is applicable to actions filed under 42 U.S.C. § 1983. *Stump*, 435 U.S. at 356.

Immunity applies when the challenged action was "judicial" and the Court possessed subject matter jurisdiction over the action. *Stump*, 435 U.S. at 356. Unless it can be shown that a judge acted in the "clear absence of all jurisdiction," absolute immunity exists even when the alleged conduct is erroneous, malicious, or in excess of judicial authority. *Id.* at 356-57.

A review of plaintiff's allegations against Judge Savage does not compel the conclusion that the judge acted in clear absence of jurisdiction. In apparent disagreement with the decisions reached at the state court level, this self-represented litigant has turned to this forum to assert allegations of unconstitutional acts against a state court judge. Because immunity precludes plaintiff's recovery, *sua sponte* dismissal of plaintiff's complaint is appropriate.

Plaintiff's complaint is additionally subject to dismissal because it involves matters of family law. *See Moore v. Sims*, 442 U.S. 415, 435 (1979). Such issues traditionally have been reserved to the state or municipal court systems with their expertise and professional support staff. Under the domestic relations exception to federal jurisdiction, federal courts do not have the power to intervene with

regard to child custody or visitation decrees. *See Ankenbrandt v. Richards*, 504 U.S. 689, 701-05 (1992).

Furthermore, the action is based on the history of prior state court custody proceedings. Under the *Rooker-Feldman* doctrine,[1] a federal court does not have jurisdiction to overturn a state court judgment, even when the federal complaint raises allegations that the state court judgment violates a claimant's constitutional or federal statutory rights. In creating this jurisdictional bar, the Supreme Court reasoned that because federal district courts have only original jurisdiction, they lack appellate jurisdiction to review state court judgments.[2] In effect, the *Rooker-Feldman* doctrine precludes federal court action "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced." *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 281 (2005).

Upon review of the complaint, the court concludes that it shall be dismissed under the provisions of 28 U.S.C. § 1915(e). *See Neitzke v. Williams*, 490 U.S. 319 (1989); *see also Denton v. Hernandez*, 504 U.S. 25 (1992); *Cochran v. Morris*, 73 F.3d 1310 (4th Cir. 1996); *Nasim v. Warden*, 64 F.3d 951 (4th Cir. 1995). A separate Order follows.

6/18/2014
Date

_____
George Jarrod Hazel
United States District Judge

---

[1] *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983).

[2] The Court explained that only the Supreme Court has federal court appellate jurisdiction over state court judgments. *See* 28 U.S.C. § 1257.